UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEGGAN HILL, BENJAMIN GORGES, CHRISTINA CONTE WARTINBEE, COLEEN HILL, DENNIS LITTLEY, FLORIAN NOUH, HEATHER SZUTKA, LAZY CAT ENTERPRISES, LTD., MARCO VERCH, MARINA HELENE ASCHABER, MELISSA COPELAND, MICHELLE MINNAAR, RENEE ROBLEY SMITH, SARAH TRENALONE, and KATHLEEN BERGET,<br><br>Plaintiffs,<br><br>v.<br><br>TOAST, INC., dba TOASTTAB,<br><br>Defendant. | CIVIL ACTION NO.<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiffs, MEGGAN HILL, BENJAMIN GORGES, CHRISTINA CONTE WARTINBEE, COLEEN HILL, DENNIS LITTLEY, FLORIAN NOUH, HEATHER SZUTKA, LAZY CAT ENTERPRISES, LTD., MARCO VERCH, MARINA HELENE ASCHABER, MELISSA COPELAND, MICHELLE MINNAAR, RENEE ROBLEY SMITH, SARAH TRENALONE, and KATHLEEN BERGET, by and through their undersigned attorneys, brings this Complaint against Defendant TOAST, INC. doing business as TOASTTAB and/or TOASTTAB.COM, for damages and injunctive relief, and in support thereof state as follows:

**JURISDICTION, AND VENUE**

1. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.* This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction).

2. This Court has personal jurisdiction over the Defendant because Defendant has its headquarters in this District, and is transacting, doing, and soliciting business in this District, and has caused plaintiffs injury in this District.

3. Venue is proper under 28 U.S.C. § 1391 (b)(1), (c)(2), and (d), and 28 U.S.C. § 1400(a).

## THE PLAINTIFFS

4. MEGGAN HILL ("Hill") is a professional photographer who resides in the United States. She is a classically trained chef whose work is inspired by Midwestern food memories and meticulously-tested recipes. Her work has been featured on NPR, HuffPost, FoxNews, LA Times, Country Living, and more.

5. BENJAMIN GORGES ("Gorges") is a professional photographer who resides in the United States. Gorges created FoxVallexFoodie in 2012. Georges' photographs are inspired by Midwestern comfort food and tantalizing dishes at favorite restaurants. He has crafted each image for each recipe with a careful eye. His work has been featured on BuzzFeed, MSN, Country Living, Parade, Oprah Daily, and more.

6. CHRISTINA CONTE WARTINBEE ("Wartinbee") is a professional photographer who resides in the United States. For approximately 11 years, Wartinbee has been an award-winning content creator and worldwide food judge. Her photos have been featured in magazines, publications, and websites around the world. Christina has also won several photography competitions earning her trips to Italy and France, among other prizes. Her work has been featured in MSN.com, Parade magazine, VoyageLA, ShoutoutLA, and other publications.

7. COLEEN HILL ("Hill") is a professional photographer and a trained graphic designer who resides in the United States. She is a self-taught photographer who has been photographing food since 2012. Her work is inspired by her years of professional culinary training and graphic design.

8. DENNIS LITTLEY ("Littley") is a professional photographer who resides in the United States. He is a classical trained professional chef with over forty years in the food and photography industry. He apprenticed with master photographer Scott Griswald for three years, working with many of the top fashion magazines. Since 2009, he has focused on creating mouth-watering images of the recipes he creates.

9. FLORIAN NOUH ("Nouh") is a professional photographer and blogger who resides in the Netherlands. He is a self-taught photographer with a knack for details of food photography. He has been a photographer since 2015. His work has been featured in several websites, publications, and his own business page, including BuzzFeed and Vegan Food & Living.

10. HEATHER SZUTKA ("Szutka") is a professional photographer who resides in the United States. Szutka graduated in 2007 with a degree in Fine Arts with an emphasis in photography. Her work is the focus of her blog since 2017 and has been featured in publications such as, Chowhound, Parade Magazine, Spoon University, Bloglovin', Yummly, Delish, and The Baltimore Sun.

11. LAZY CAT ENTERPRISES, LTD. ("Lazy Cat") is a private limited company in the United Kingdom. Anna Marcinowska is the director of Lazy Cat. Ms. Marcinowska is a professional photographer who resides in the United Kingdom. She has been photographing food

for nine years and her work is inspired by the interplay of colors and natural light. Her work is featured on Lazy Cat's website.

12. MARCO VERCH ("Verch") is a professional photographer who resides in Germany. Verch is a professional member of the Professional Photographers of America (PPA), and his work covers a wide range of topics from aerial and drone photography to sporting events, food, and travel, as well as staged photos for websites such as Mashable and Techcrunch.

13. MARINA HELENE ASCHABER ("Aschaber") is a professional photographer who created Masalaherb.com in 2011 and is also a co-author at Paulmarina.com. Masalaherb.com is a recipe website with global recipes teaching readers to cook with spices and herbs. Paulmarina.com is a travel website for couples, featuring Central Europe and South Asia destinations.

14. MELISSA COPELAND ("Copeland") is a professional photographer who resides in Spain. For the past six years she has used her work to inspire vegan cooking from recipes gathered through her travels and experimentation. Her work has been featured on FeedFeed and other websites and publications.

15. MICHELLE MINNAAR ("Minnaar") is a professional photographer who resides in the United Kingdom. Since 2007 she has focused her photography on wholesome natural homemade food and collaborates with brands showcasing the best on the market. In 2017, her blog, Greedy Gourmet won Food Blogger of the Year, Top 10 Food Blog in UK, and Best Entertainment Blog in Essex. Previous clients include UKTI, Dr. Oetker, Weight Watchers, Go Compare, John Lewis, Lurpak, Lakeland, Riso Gallo and Cheapflights.

16. RENEE ROBLEY SMITH ("Smith") is a professional photographer who resides in the United States. Smith is a self-taught photographer whose work highlights her Caribbean

heritage. Her photography showcases her Caribbean culinary ambitions, and she has been featured by Essence, Zing, Women of Silicon Valley, and the Kitchn.

17. SARAH TRENALONE ("Trenalone") is a professional photographer who resides in the United States. Trenalone is a food photographer and traveler and holds a Bachelor's Degree in Fine Art Photography.  She loves helping others learn how to eat more sustainable, garden-fresh food.  Trenalone's recipes and photography have been featured in both print and online in publications including the New York Daily News, Wild Alaska Company, Norwegian Seafood Council, Chowhound, Buzzfeed, Dish on Fish, and SheKnows.

18. KATHLEEN BERGET ("Berget") is a photographer and author who lives in the United States.  She is a certified Master Gardener and a certified Apprentice Beekeeper, who lives off of the land and creates her food and recipes from scratch.  Berget runs the blog "Beyond the Chicken Coop" which mainly focuses on delicious homemade recipes with the occasional posts about gardening, farm animals, and country living.

19. The individuals and entities listed and described in paragraphs 4-18 are individually referred to herein as stated above, or collectively as the "Plaintiffs," or the "Photographers."

## THE DEFENDANT

20. Defendant TOAST, INC., doing business as TOASTTAB and/or TOASTTAB.COM ("Toast"), is a corporation organized and existing under the laws of the state of Delaware.  Toast maintains its Principal Office at 401 Park Drive, Suite 801, Boston, Suffolk County, Massachusetts 02215.

## FACTUAL BACKGROUND

### The Plaintiffs' Ownership of the Photographs

21. The Photographers have found and identified 46 photographs (collectively, the "Photographs" and individually, the "Photograph") that have been or are continuing to be used by Toast without the permission or authority of any of the Photographers. Prior to the filing of this Complaint, Toast was notified of said unauthorized uses by counsel for the Photographers. Each of the Photographs that have been used by Toast without permission or authority are identified in Exhibit 1, which is attached hereto and incorporated herein by reference. Each Photograph is listed in Exhibit 1 under the following headings: "Client" (which is the name of each Plaintiff photographer), Source Image, Match page URL, Match File URL, Image Title, USCO Cert. No. (United States Copyright Office, Copyright Registration Certificate Number), Screenshot, and Image Windows Screenshot. The websites where each Photographer has discovered his, her or their Photographs displayed in violation of their exclusive rights under the Copyright Act are included in Exhibit 1 under the heading "Match Page URL."

22. Investigation of other possible infringements is ongoing. Photographers will supplement this Complaint to add infringements discovered after this pleading is filed, as needed.

23. The Photographs -- in perspective, orientation, positioning, lighting, and other details -- are entirely original and creative. As such, the Photographs are protected under the Copyright Act.

24. Each of the Photographers is the author, copyright claimant, or exclusive licensee of one or more of the Photographs that have been attributed to them.

25. None of the Photographers has transferred ownership of the copyrights to the Photographs to any other person or entity.

26. The Register of Copyrights for the U.S. Copyright Office issued to the Photographers, Certificates of Registration for many of the Photographs. Those Photographs not registered with the U.S. Copyright Office are foreign works that are exempt from the registration requirement under 17 U.S.C. § 411(a).

27. None of the Photographers have ever given Toast permission or authority to use any of the Photographs for any purpose.

## The Toast Point-of-Sale System

28. Toast designed, created and markets a point-of-sale computer system ("Toast POS") for use by restaurants and bars that serve food and drinks.

29. The Toast POS includes multiple digital tools for its restaurant and bar customers (the "Toast Subscribers").

30. Toast Subscribers use the Toast POS to advertise, market, and sell menu items in the Toast Subscribers' restaurants.

31. The Toast POS includes the ability to display images of food and drink items on a website, on physical display terminals for in-person use at Toast Subscribers' restaurants, and on mobile device applications that allow restaurant customers to easily order menu items for takeout and delivery.

32. Toast designed and created the Toast POS to copy, display and distribute images and photographs of menu items.

33. When Toast designed and created the Toast POS, Toast knew and intended for Toast and Toast Subscribers to have the ability to copy, display and distribute images and

7

photographs of menu items on websites, on physical display terminals, and on mobile device applications.

34. Toast designed and created the Toast POS to copy, display and distribute images and photographs of menu items on any website, physical display terminal, or mobile device with access to the Toast POS.

35. The terms of service for the Toast POS provides that Toast reserves the right to delete or refuse to accept any user content or third-party content including images and photographs of menu items in its sole discretion.

36. The terms of service for the Toast POS provides that Toast has the right (but not the obligation) in its sole discretion to reject or delete any content including images and photographs of menu items that Toast reasonably considers to be in violation of its Terms of Service or applicable laws.

37. Toast designed and created the Toast POS, and Toast manages and controls the Toast POS.

38. Toast controls the creation of copies of images and photographs of menu items on the Toast POS.

39. Toast controls the display of images and photographs of menu items on the Toast POS.

40. Toast controls the distribution of images and photographs of menu items on the Toast POS.

### Infringement of the Photographs

41. Beginning in late 2022, the Photographers individually discovered the unauthorized use of their Photographs by Toast on the Toast POS.

42. Toast and Toast Subscribers copied, uploaded, displayed, and distributed the Photographs on the Toast POS.

43. Toast and Toast Subscribers copied, reproduced, distributed, and/or displayed the Photographs on the Toast POS without permission or authority from the Photographers and without giving the Photographers attribution for their Photographs.

44. After Toast and Toast Subscribers copied the Photographs, Toast made further copies and distributed the images on the Internet to promote the sale of goods and services as part of Toast's POS.

45. Toast requires Toast Subscribers to pay a subscription fee to upload, reproduce, display, and distribute images on the Toast POS.

46. Toast earns money from sales of products made using the Toast POS.

47. Toast committed copyright infringement of each of the Photographs as shown in Exhibit 1.

48. None of the Photographers ever gave Toast or Toast Subscribers permission or authority to copy, distribute or display any of the Photographs for any purpose.

## **FIRST CAUSE OF ACTION**

### Direct Copyright Infringement – 17 U.S.C. §§ 501 *et seq.*

49. The Photographers incorporate the allegations of paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. The Photographers own valid copyrights in the Photographs.

51. Where required to do so, the Photographers registered the Photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

52. Toast copied, displayed, and distributed the Photographs and made derivatives of the Photographs without the respective Photographer's authorizations in violation of 17 U.S.C. § 501.

53. Toast performed the acts alleged in the course and scope of its business activities.

54. Toast's acts were willful.

55. The Photographers have been damaged.

56. The harm caused to the Photographers is and continues to be irreparable.

## SECOND CAUSE OF ACTION

Vicarious Copyright Infringement – 17 U.S.C. §§ 501 *et seq.*

57. The Photographers incorporate the allegations of paragraphs 1 through 48 of this Complaint as if fully set forth herein.

58. Toast Subscribers copied, displayed and distributed the Photographs without the Photographers' permission.

59. Toast had the right and ability to control the copying, display and distribution of the Photographs on the Toast POS.

60. Toast requires Toast Subscribers to pay a subscription fee to upload, reproduce, display, and distribute images on the Toast POS.

61. Toast earns money from sales of products made using the Toast POS.

62. Toast received a direct financial benefit from the copying, display and distribution of the Photographs on the Toast POS.

63. Toast is vicariously liable for the direct infringement of the Photographs by the Toast Subscribers.

64. Toast's acts were willful.

65. The Photographers have been damaged.

66. The harm caused to the Photographers is and continues to be irreparable.

### THIRD CAUSE OF ACTION

Contributory Copyright Infringement – 17 U.S.C. §§ 501 *et seq.*

67. The Photographers incorporate the allegations of paragraphs 1 through 48 of this Complaint as if fully set forth herein.

68. Toast Subscribers copied, displayed and distributed the Photographs without the Photographers' permission.

69. Toast knew or had reason to know that the Toast Subscribers copied, displayed and distributed the Photographs without the Photographers' permission.

70. Toast induced, caused, or materially contributed to the Toast Subscribers copying, display and distribution of the Photographs.

71. Toast is contributorily liable for the direct infringement of the Photographs by the Toast Subscribers.

72. Toast's acts were willful.

73. The Photographers have been damaged.

74. The harm caused to the Photographers is and continues to be irreparable.

### PRAYER FOR RELIEF

WHEREFORE, the Photographers pray that this Honorable Court:

a. Issue an order that Toast's unauthorized conduct violates the Photographers' rights under the Federal Copyright Act at 17 U.S.C. §101, et seq.;

b. Order Toast to account to the Photographers for all gains, profits, and advantages derived from their infringements of the Photographs;

c. Order Toast to pay the Photographers all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for all infringements of the Photographs.

d. Alternatively, where the Court finds that statutory damages are available to any of the Photographers, award maximum statutory damages in the amount of $30,000 for infringement of each of the Photographs pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

e. Where available, award the Photographers maximum statutory damages in the amount of $150,000 for each of Toast's willful infringement of each of the Photographer's respective copyrights in the Photographs pursuant to 17 U.S.C. § 504 (c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

f. Alternatively, issue an order that the Subscribers' unauthorized conduct violates the Photographers' rights under the Federal Copyright Act at 17 U.S.C. §101, et seq.

g. Issue an order that Toast is vicariously liable for its Subscribers' direct infringement of the Photographs, and that Toast is joint and severally liable for any damages resulting from that direct infringement;

h. Order Toast to pay the Photographers their costs of litigation and reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505;

i. Order Toast to deliver to the Photographers all copies of the Photographs and all other materials containing such infringing copies of the Photographs in their possession, custody or control;

j.        Order Toast, its agents, and its servants to be enjoined during the pendency of this action and permanently from infringing the copyrights to the Photographs in any manner and from reproducing, distributing, displaying, or creating derivative works of the Photographs; and

k.        Order such other and further relief as this Honorable Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all counts so triable.

Dated:  June 6, 2024　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　　　　　By their attorney,

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Andrew D. Epstein*
　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Andrew D. Epstein (BBO#155140)
　　　　　　　　　　　　　　　　　　　　　　　　Barker, Epstein & Loscocco
　　　　　　　　　　　　　　　　　　　　　　　　176 Federal Street
　　　　　　　　　　　　　　　　　　　　　　　　Boston, MA   02110
　　　　　　　　　　　　　　　　　　　　　　　　Direct Tel: (617) 272-5700
　　　　　　　　　　　　　　　　　　　　　　　　Email:  photolaw@aol.com